On Application for Rehearing
PER CURIAM.
This is an action to establish title, pursuant to Act No'. 38 of 1908, now LSA-R.S. 13:5062. The property claiméd by plaintiff is the North half of Lot 2 of Section 6, T 2 S, R 5 E, in St. Plelena Parish.
Plaintiff and defendant both claim to have acquired title in a chain that goes back to a common ancestor, Nancy Roddy. By act of donation dated May 13, 1869 Nancy Roddy donated to her grandchildren, Clara Day (who was later married to one Tate) and Knighton P. Day, a tract said to contain 200 acres taken off the west part of her land. The evidence presented by both plaintiff and defendant shows that Clara and Knighton Day partitioned their 200 acres, but the act of partition was not preserved. However, Knighton and Clara continued to own their respective tracts until February, 1883. By deed dated February 14, 1883 ■Clara Tate sold to Henry C. Newsom a tract “being the North i/2 of Lot Two of Section 6 in T 2 S of R 5 E” bounded North by H. C. Newsom, East by T. D. Allen, South by Plarvey Day and West by H. C. Newsom, the parcel being said to be ■a portion of the land acquired from Nancy Roddy. By deed dated February 9, 1883 Knighton P. Day sold to William H. Day 100 acres from the west part of the late Nancy Roddy place, bounded North by H. C. Newsom and W. D. Phillips, East by Clara Tate, South by A. A. Adams and West by T. D. Alien. While the deed from Knighton Day was dated five days before the date on the deed from Clara Tate, we find it hard to believe that the brother and sister, who had owned their adjoining lands for fourteen years, did not each know what the other was doing in February, 1883. In other words, there was no overlapping of lands and no conflict between the two deeds passed by them. This is borne out by subsequent deeds in the title chains that emanated from them.
In 1904 the heirs of H. C. .Newsom sold land to John W. Newsom including the same part of Lot 2 of Section 6 which H. C. Newsom had acquired from Clara Tate in 1883, and John W. Newsom continued to be the record owner thereof until 1939. From him there is an unbroken chain on to the plaintiff, with each deed describing the land by lot and section. In 1912 the widow of W. H. Day sold to Minnie Butler, the present defendant, a tract said to contain 100 acres and said to be “bounded now by John Newsom on the North by Estate of W. D. Phillips, East by lands of Martin Venables; South by lands of Vendor; West by T. D. Allen and being in Sec. 64, T 2 S, R 5 East.” It is clear from the descriptions in these two title chains that what Minnie Butler acquired did not include the north half of Lot 2 of Section 6.
Defendant cannot claim the disputed land by virtue of a deed translative of title for there is no such deed in existence. For this reason also she has not acquired the land by ten year prescription. The claim based on thirty year prescription is unavailing because the record shows that the disputed land has never been in the actual physical possession of anyone except as to parts of it, and that such possession as defendant has had has caused regular disputes for the past thirty and more years and has not been peaceful.
After careful review of the record we are convinced that our former decree is correct.
Rehearing refused.